Dear Mr. Cornelius:
On behalf of the Industrial Development Board of the City of New Orleans, Louisiana, Inc. (the "Board") you requested the opinion of this office. You advised that the Board intends to issue taxable revenue bonds pursuant to Chapter 7 of Title 51 of the Louisiana Revised Statutes of 1950, as amended, to encourage the acquisition of land and the acquisition, construction, development and equipping of an approximately 710 unit multi-family residential housing development in the City of New Orleans (the "Project"). The Board intends to acquire the land and improvements constituting the Project and lease it for payments sufficient to pay debt service on the bonds, plus other payments. Part of the incentives that are to be offered to the private developer include the negotiation of a payment in lieu of taxes in an amount less than the ad valorem taxes would be if the Project were owned by the private developer.
You requested the opinion of this office with respect to (i) the exemption of the Project from ad valorem taxes while owned by the Board, and (ii) the ability of the Board to negotiate and require a payment in lieu of tax during the term of the ownership of the Project by the Board and the lease of the Project to the private developer in an amount less than would be paid in taxes if the Project were subject to ad valorem taxation.
La. Const. (1974) Art. VII, Sec. 21 provides a list of property that shall be exempt from ad valorem taxation. "Public lands; other public property used for public purposes" is included within the list of exempt property. Article VII, Section 21(A), when referring to the tax exempt status of public property, other than public lands, imposes a two-fold requirement that:
 (1) Title to the property must vest in the public; and
 (2) The property must be used for a public purpose.
We believe the necessity of meeting both criteria is clearly recognized by the Louisiana Supreme Court in Slay v.Louisiana Energy and Power Authority, 473 So.2d 51 (La. 1985). Justice Calogero, writing for the Court, initially addressed the issue of the public status of the Louisiana Energy and Power Authority (LEPA) and the Lafayette Public Power Authority (LPPA), and determined that both constituted units of local government and/or political subdivisions of the state. Thus, property owned thereby constituted "public property" for purposes of Article VII, Section 21(A).
Shifting its focus to the second requirement, the Court stated:
 "The second requirement for ad valorem tax exemption is that the public property be used for a public purpose. Providing electric service is a public function . . .
 For the foregoing reasons, we hold that the public power authorities, LEPA and LPPA, are political subdivisions of the State of Louisiana, constitutionally created by statute (LEPA) and by statute and ordinance (LPPA), and that their respective ownerships interest in Rodemacher 2 constitute public property used for public purposes, exempt from ad valorem taxation by virtue of Article VII, § 21(A) of the Louisiana Constitution of 1974."
This office has previously recognized that the fact that public property is leased to a private entity does not preclude it from being used for a public purpose so as to be exempt. See Atty.Gen.Op. Nos. 93-392 and 89-599.
Industrial Development Boards are nonprofit public corporations organized pursuant to R.S. 51:1151, et seq. for the purpose of promoting the existence, development and expansion of commerce, trade and industry in this state. With regard to Industrial Development Boards, R.S. 51:1152 provides, in pertinent part:
 "A. The legislature hereby finds and determines:
 (1) That the existence, development and expansion of commerce and industry are essential to the economic growth of the state and to the full employment, welfare and prosperity of its citizens;
 * * * * * * * * * * * * * * * * * * *
 (4) That the present and future health, safety, right to gainful employment, and the general welfare of the people of the state merit and require the assistance of the state, its agencies, and political subdivisions in the development within the state and its political subdivisions of industrial, agricultural, manufacturing, and research enterprises . . . and in the attraction and retention of sound business and commercial enterprises which contribute to the economic growth and vitality of the state and its political subdivisions;
 * * * * * * * * * * * * * * * * * * *
 (6) That the means and measures herein authorized by this chapter and the assistance provided in this chapter, especially with respect to financing, are in the public interest and serve a public purpose of the state in promoting the health, welfare, and safety of the citizens of the state . . . by the securing and retaining of private industrial, commercial and other enterprises and the resulting maintenance of a higher level of employment and economic activity and stability.
 B. It is the intent of the legislature by passage of this Chapter to authorize the incorporation in the several municipalities or in the parishes in this state of public corporations to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to promote industry and develop trade by inducing manufacturing, industrial, commercial and other enterprises to locate in this state and further the use of its agricultural products and natural resources . . . and to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to attract and retain business and commercial enterprises in the municipality or parish to maintain and expand employment and the economy in the area."
(Emphasis added)
Additionally, R.S. 51:1160 pertinently provides:
 "The corporation is hereby declared to be performing a public function on behalf of the municipality or parish with respect to which the corporation is organized and to be a public instrumentality of such municipality or parish. Accordingly, the corporation and all properties at any time owned by it and the income therefrom and all bonds issued by it and the income therefrom shall be exempt from all taxation in the state of Louisiana; provided, however, that the corporation may require the lessee of each of the projects of the corporation to pay annually to parish or municipal taxing authorities, through the normal collecting agency, a sum in lieu of ad valorem taxes to compensate such for any services rendered by them to such projects which sum shall not be in excess of the ad valorem taxes such lessee would have been obligated to pay to such authorities had it been the owner of such project during the period for which such payment is made."
(Emphasis added).
Op.Atty.Gen. No. 77-916 determined, in accordance with the constitutional and statutory provisions quoted hereinabove, that all property held in the name of Industrial Development Boards is exempt from all ad valorem taxation in the State of Louisiana.
In Op.Atty.Gen. No. 93-642, this office concluded that when an Industrial Development Board issues bonds to finance the acquisition of an office building to be used as the corporate headquarters of a holding company and its wholly owned subsidiary, which office building is titled in the Industrial Development Board and leased to the subsidiary, the property would be exempt from ad valorem taxation.
We also direct your attention to Attorney General's Opinion No. 88-454, which determined that while property upon which a warehouse and distribution facility were to be erected was leased to the developer, and title to the property was held by the issuer (an Industrial Development Board) of taxable revenue bonds, the property would be exempt from ad valorem taxation.
Based upon the foregoing, it is the opinion of this office that while the property is leased to the private developer and title to the property is held by the Board, the property will be exempt from ad valorem taxation. Furthermore, the Board may negotiate and require a payment in lieu of tax during the term of the ownership of the Project by the Board and the lease of the Project to the private developer in an amount less than would be paid in taxes if the Project were subject to ad valorem taxes, provided that the payment in lieu of taxes is not structured such that it constitutes a donation of public funds in violation of Article VII, Section 14 of the Louisiana Constitution.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH